IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

QUENTIN DURAND WALKER §
§
Plaintiff, §
§
VS. § NO. 7-10-CV-152-O-BD
§
MICHAEL J. ASTRUE, §
Commissioner of Social Security §
§
Defendant. §

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

The Commissioner of Social Security has filed a Rule 12(b)(1) motion to dismiss this *pro se* civil action for lack of subject matter jurisdiction. For the reasons stated herein, the motion should be granted.

I.

On July 17, 2008, plaintiff filed separate applications for disability insurance and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* (*See* Def. App. at 2, ¶ 3(a)). Both applications were denied on September 30, 2008. (*Id.*). The written notice denying these claims advised plaintiff:

> If you disagree with these decisions, you have the right to appeal. We will review your case and consider any new facts you have. A person who did not make the first decisions will decide your case.
>
> • You have 60 days to ask for an appeal.
>
> • The 60 days start the day after you get this letter. We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period.

- You must have a good reason for waiting more than 60 days to ask for an appeal.

(*Id.* at 4). Nearly two years later, on September 8, 2010, plaintiff filed a request for reconsideration. (*Id.* at 3, ¶ 3(b)). In an attempt to establish good cause for this late filing, plaintiff explained, "I thought I filed my appeal on the internet." (*Id.* at 14-15). The Commissioner rejected plaintiff's explanation and refused to consider his untimely request for reconsideration. (*Id.* at 17). Plaintiff then filed this action in federal district court.

The Commissioner now moves for dismissal on the ground that plaintiff has failed to exhaust his administrative remedies. In a pleading entitled "Motion to Proceed," plaintiff alleges that he appealed the initial decision denying his applications for social security benefits, but "no appeal number was given." (*See* Plf. Resp. at 1). Plaintiff goes on to state that he has worked for more than 25 years, earning enough "credits" for social security benefits, and "need[s] a hearing explaining why I cant [sic] get reviewed for benifits [sic] or SSI." (*See id.*).

II.

Under the Social Security Act:

> Any individual, *after any final decision of the Commissioner of Social Security* made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). A "final decision" results only after the claimant has exhausted his administrative remedies. *See Thibodeaux v. Bowen*, 819 F.2d 76, 79 (5th Cir. 1987); *LeJeune v. Matthews*, 526 F.2d 950, 952 (5th Cir. 1976). To satisfy the exhaustion requirement, a claimant must first file a claim for social security benefits. *See* 20 C.F.R. § 416.305. The agency then issues an initial determination either granting or denying the claim. *See id.* §§ 416.1404 to

416.1405. Within 60 days of receiving notice of an initial determination, the claimant must file a request for reconsideration. *See id.* §§ 416.1407 to 416.1422. The Commissioner of Social Security reviews the claim again and issues a reconsidered determination. *Id.* § 416.1420. After obtaining an adverse determination on reconsideration, a dissatisfied claimant may request an evidentiary hearing before an administrative law judge. *See id.* §§ 416.1429 to 416.1461. If the claimant objects to that decision, he may appeal to the Appeals Council. *See id.* §§ 416.1467 to 416.1481. Only after the Appeals Council issues a final decision may the claimant seek judicial review in federal district court. *See Mamon v. Social Security Administration*, 24 F.3d 239 (Table), 1994 WL 243277 at *1 (5th Cir. May 19, 1994), *citing Harper v. Bowen*, 813 F.2d 737, 739 (5th Cir.), *cert. denied*, 108 S.Ct. 466 (1987).

A.

The evidence shows that plaintiff has not exhausted his administrative remedies. Specifically, plaintiff did not timely file a request for reconsideration, never asked for a hearing before an administrative law judge, and did not seek review by the Appeals Council. Without a final agency decision, this court lacks subject matter jurisdiction under 42 U.S.C. § 405(g). *See, e.g. Lively v. Bowen*, 827 F.2d 268, 269 (8th Cir. 1987) (court lacked subject matter jurisdiction to review decision denying as untimely request for reconsideration, even if such denial prevented plaintiff from fully exhausting administrative remedies); *Session v. Astrue*, No. 3-09-CV-1564-G, 2009 WL 3458653 at *2 (N.D. Tex. Oct. 26, 2009) (court lacked subject matter jurisdiction over social security case where plaintiff filed suit before Appeals Council issued a final decision).[1]

---

[1] Plaintiff is not required to exhaust administrative remedies before seeking relief in federal court for constitutional violations. *See Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977). Although plaintiff alleges throughout his pleadings that his civil rights were violated, these bare assertions do not state a "colorable constitutional claim." *See Robertson v. Bowen*, 803 F.2d 808, 810 (5th Cir. 1986).

B.

Even if the court had jurisdiction to review the decision denying plaintiff's untimely request for reconsideration, there is no evidence to suggest that this decision was erroneous. The Commissioner of Social Security may extend the deadline for seeking review of an adverse decision upon written request for "good cause" shown. *See* 20 C.F.R. § 416.1409(b). In determining whether "good cause" exists, the Commissioner considers:

>   (1)   What circumstances prevented the claimant from making the request on time;
>
>   (2)   Whether the claimant was misled by the agency;
>
>   (3)   Whether the claimant did not understand the requirements of the Social Security Act resulting from amendments to the Act, other legislation, or court decisions; and
>
>   (4)   Whether the claimant had any physical, mental, educational, or linguistic limitations, including any lack of facility with the English language, which prevented him from filing a timely request or from understanding or knowing about the need to file a timely request for review.

*See id.* § 416.1411(a). None of these circumstances are present here. Although plaintiff claims to suffer from manic depression and thyroid cancer, (*see* Plf. Resp. at 1), he does not argue that his physical or mental limitations prevented him from timely filing a request for reconsideration. Nor does plaintiff argue that he was misled by the agency or did not understand the requirements for appealing the initial decision denying his applications for disability and SSI benefits. Instead, plaintiff explains that he "thought" he filed an appeal on the Internet. That self-serving explanation, unaccompanied by any evidence that plaintiff attempted to timely file a request for reconsideration, does not constitute "good cause" under the social security regulations. *See* 20 C.F.R. § 416.1411(b) (listing examples of circumstances where good cause may exist).

## RECOMMENDATION

The Commissioner's Rule 12(b)(1) motion to dismiss [Doc. #17] should be granted. This case should be dismissed without prejudice for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 7, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE